**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUZ ALVAREZ, et al.,<br><br>                                  **Plaintiffs,**<br><br>v.<br><br>THE CITY OF HACKENSACK,<br><br>                                  **Defendant** | Civ. No. 15-cv-6030 (KM)<br><br>**MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiffs, all career employees of the City of Hackensack, commenced this civil rights action against the City of Hackensack under 42 U.S.C. § 1983.[1] The City moves to dismiss the complaint under Rule 12(b), Fed. R. Civ. P. For the reasons set forth below, the motion is denied.

    Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

    Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[1]    The complaint cites 40 U.S.C. § 1983, which I take to be a typographical error.

1

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

In essence, the complaint alleges that in 2013, a new City Council, including Leonardo Battaglia, took office. Thereafter Battaliga's wife, Maria Helena Battaglia, began to receive preferential treatment. (For ease of reference, I will identify the Battaglias by first name.) The complaint alleges that Leonardo demanded that Maria receive a promotion and a pay raise; after two salary reviews, the pay raise, at least, occurred. The plaintiffs did not receive a promised "review" of their salary status or a similar raise.

The reason for this treatment, according to the Complaint, is that the Plaintiffs have chosen not to be involved in city politics—a choice protected by the First Amendment. *See, e.g.,* Cplt. ¶ 12 ("Each of the Plaintiffs herein affirmatively chooses to not be involved in local politics. This election is a protected choice under the First and Fourteenth Amendment to the Federal Constitution"); Cplt. ¶ 13 ("By rewarding the political activities of the Battaglia family and punishing those similarly situated public employees who elect to not be involved in political activity, the City of Hackensack is, effectively, retaliating against Plaintiff for the exercise of their Constitutional rights....")

A word about the legal theory of the complaint. The law in this Circuit is that there is a § 1983 cause of action for retaliation based on a public employee's affirmative decision to remain neutral—*i.e.,* to refrain from political associations and activities, as is that employee's right. *Galli v. N.J.*

2

*Meadowlands Comm'n*, 490 F.3d 265 (3d Cir. 2007). That is to be distinguished from general complaints of workplace unfairness, favoritism, and the like, which do not, without more, set forth a constitutional claim.[2]

For purposes of Rule 12(b)(6) I must accept the allegations of the complaint as true, regardless of what the proofs may eventually show. *See Phillips*, 515 F.3d at 231. Of course, there are potential competing explanations: perhaps non-political nepotism was involved, or perhaps Maria won her raise on the merits. That cannot be known, and such factual disputes cannot be settled, at the pleading stage. The complaint adequately alleges that the City's real purpose was to reward the politically active and punish those who chose not to get involved politically.

## ORDER

Defendant having filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF no. 3); and Plaintiffs having filed a response (ECF no. 7), the lateness of which is excused; and Defendant having filed a response and reply (ECF nos. 5, 6); and the Court having considered the submissions and decided the matter without oral argument, *see* Fed. R. Civ. P. 78; and good cause appearing therefor:

IT IS this 29th day of February, 2016,

ORDERED that the motion to dismiss the complaint is DENIED.

*/s/ Kevin McNulty*
**KEVIN MCNULTY**
**United States District Judge**

---

[2] This Circuit has rejected as a matter of law any retaliation claim based on a public employer's *mistaken* perception that a politically neutral employee has engaged in First Amendment activity. *See Heffernan v. City of Paterson*, 777 F.3d 147, 153–54 (3d Cir. 2015) (affirming decision of this Court, 2 F. Supp. 3d 563). *Heffernan* has been argued and is currently awaiting decision by the U.S. Supreme Court. *See* 136 S.Ct. 29 (2015) (grant of certiorari). Because that issue is distinct from the issue here, I have not stayed this case. But the Supreme Court's ultimate decision, depending on the breadth of the discussion, may bear on the claim here.

3